### GROCE v. NEW ORLEANS PUBLIC SERVICE, Inc. *
### No. 14797.

Court of Appeal of Louisiana. Orleans.
Feb. 4, 1935.

Johnston Armstrong, of New Orleans, for appellant.

Ivy G. Kittredge, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff filed this suit for damages in the civil district court, and judgment was render-

*Rehearing denied Feb. 18, 1935.

ed in favor of defendant. Plaintiff has appealed.

On Saturday, October 15, 1932, in the afternoon, plaintiff, a colored woman, was a passenger on a South Claiborne street car owned and operated by the defendant corporation. She was seated next to the window on the second cross-seat from the rear and on the right-hand side of the car. The street car was proceeding up St. Charles street, which carries double car tracks, the street car in question being on the right, or Lake side, track and proceeding in the direction of Lee circle. At Julia street, which intersects St. Charles street at right angles, this street car track curves to the right into Julia street and runs thence towards Rampart street. At the intersection of St. Charles and Julia streets there is an automatic switch upon approaching which the car slowed down and the switch automatically operated so that the car could negotiate the curve to the right into Julia street. There is no dispute that the street car was proceeding very slowly as it moved into the curve which would carry it into Julia street. In negotiating this curve the rear end of the car swung out over the street and collided with a truck which was stopped on the river side of St. Charles street and to the left of the street car at the intersection of Julia street.

It is contended by plaintiff that, as the street car approached the intersection of Julia street, the traffic signal turned red and, in violation thereof, the street car proceeded to make the turn, causing the collision with the truck which had stopped at Julia street in obedience to the red signal light.

Defendant contends that the signal light was green, and as the car proceeded into the curve, in obedience thereto, the truck came up on St. Charles street, on the left side of the street car and the conductor, seeing it stop at the intersection of Julia street, signaled the motorman for a quick stop, and that the street car stopped almost at the moment of the impact.

There is somewhat of a conflict in the testimony on this point. However, in dismissing plaintiff's suit our learned brother below, who saw and heard the witnesses, apparently found that there was no negligence in this respect on the part of defendant's motorman.

Plaintiff testified that she was seated next to the window on the second cross-seat from the rear of the car and on the right side, and that, at the time of the occurrence, she was reading a newspaper. That the impact threw her backwards against the window sill. It was the left rear end, or the side of the car opposite to that on which plaintiff was sitting, that came in contact with the truck, and assuming, arguendo, that the blow was of sufficient force, it is physically impossible for plaintiff to have been thrown backwards against the window sill. A blow of great force in this position would, undoubtedly, have thrown her towards the aisle and onto the person who was sitting to her left on the seat which she occupied, and away from the window.

The evidence shows the only damage to the street car was a slight scratching of the paint on the extreme rear part of the rear left door about eighteen inches above the step. This is further clearly indicated by the photograph introduced and filed in evidence. Likewise, the only damage to the truck was a slight scratching of the paint on the extreme lower rear portion of the right side of the body. The driver of the truck said:

"The side of the vestibule hit the rear end of my truck, the corner of it, just touched it enough to make a little scratch about that long on the side of the door. (Indicating about two inches)"

He further testified:

"About a second after I stopped I felt a little push forward in the truck, which I did not think there was anything the matter until I seen the street car making a stop at the same time, dead stop."

Considering the size and weight of the street car as compared to the size and weight of the truck, the fact that the street car was proceeding at an extremely slow rate of speed and the slight physical damage to each, it is inconceivable how so slight a contact could have caused a jar sufficient to affect the plaintiff, who was sitting on a seat within the street car. The learned trial judge no doubt took all of these circumstances into consideration, and we are unable to find such manifest error in his judgment as to warrant a reversal by us on purely questions of fact.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.